[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14195
Non-Argument Calendar

_____

D. C. Docket No. 89-00103-CR-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLYDE E. YOUNG,
a.k.a. RED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(April 11, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

In November 1990, appellant was convicted in the district court of several

offenses he committed in carrying out a marijuana distribution scheme. His convictions were affirmed on appeal. The district court thereafter (in November 1998) vacated one of his convictions – Count Two alleging that he conspired to possess and distribute marijuana – because it was a lesser included offense in his Count One conviction for engaging in a continuing criminal enterprise.

The matter before us began with appellant's May 7, 2004 request – made as a "Motion to vacate, modify, or set aside the judgment pursuant to [Federal] Rule [of Civil Procedure] 60(b)" – that the court order vacated the $50 assessment imposed as part of his Count Two sentence. The court, construing the request as having been made under Federal Rule of Criminal Procedure 36 to remedy a clerical error, granted it on January 9, 2006.[1]

Appellant then requested the court on June 19, 2006, to enter an order for "clarification and determination," referring to the January 9, 2006 order. The court denied the motion on July 18, 2006, stating that no clarification was necessary. This appeal followed.

It requires no citation of authority to say that a district court's refusal to clarify a previous order is reviewed for an abuse of discretion. We discern no

---

[1] On May 22, 2006, appellant moved the court to "correct the record" by vacating his conviction on Count Sixteen of the indictment for attempting to possess with intent to distribute in excess of 100 kilograms of marijuana. The court denied the motion on June 5, 2006. This ruling is not before us in this appeal.

abuse of discretion, much less error, in the court's refusal to clarify an order

granting appellant's request for the cancellation of a $50 assessment.[2]

**AFFIRMED.**

---

[2] It may be that what appellant is seeking is the vacation of his conviction on Count Sixteen of the indictment. If that is what he desires, he should apply to this court for leave to file a second motion under 28 U.S.C. § 2255. See 28 U.S.C. § 2255 ("A second or successive motion [under § 2255] must be certified as provided in section 2254 by a panel of the appropriate court of appeals."). We say this because he has previously litigated a § 2255 motion.